Courtney H. CUMMINGS, Jr., Defendant Below, Appellant,

v.

Nancy E. PINDER, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: Oct. 17, 1989.
Resubmitted After Remand: Feb. 27, 1990.
Decided: April 10, 1990.
Rehearing Denied May 3, 1990.

---

Courtney H. Cummings, Jr., Dover, pro se.

Kenneth M. Roseman, Ciconte & Roseman, Wilmington, for appellee.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

PER CURIAM:

This is an appeal from a Superior Court decision, following a Bench trial, which determined that the appellant, Courtney H. Cummings, Jr. ("Cummings"), a member of the Delaware Bar, had engaged in legal malpractice with respect to his handling of automobile accident claims on behalf of his client, Nancy E. Pinder ("Pinder"), the appellee. The Superior Court awarded total damages in the amount of $7,867.66, consisting of $2,367.66 in compensatory damages and $5,500.00 in punitive damages. Included in the compensatory damage award was an award for $1,500.00 for emotional distress.

I

Cummings contends that the Superior Court's decision is contrary to the weight of the evidence and that the awards for emotional distress and punitive damages are not legally supportable. Since the Superior Court's decision was made orally, we remanded this matter to the Superior Court, following briefing, with directions to enter a written decision setting forth the factual basis for the award of damages and the legal theory underlying each component of damages. The Superior Court thereafter filed a written order complying with the remand direction and, upon review of that decision and the record, we now affirm.

Since the Superior Court functioned as the trier of fact, our scope of review concerning its factual determinations is limited. We will not disturb findings which are sufficiently supported by the record and the product of an orderly and logical deductive process. *Levitt v. Bouvier*, Del.Supr., 287 A.2d 671 (1972).

We are satisfied upon a review of the record that the Superior Court correctly determined that Cummings, who had been retained by Pinder to represent her interests, was deficient in the performance of his duty to his client in the following respects: (a) he failed to advise her fully concerning her right to pursue a claim against her own insurance carrier, (b) he unilaterally increased the agreed contingency fee from twenty-five percent to one-third of the amount recovered in settlement, (c) he intentionally, and without notice to his client, caused a stop payment order on a $2,500 insurance company check endorsed to Pinder. We further conclude that the Superior Court, as a matter of credibility, determined that it was clearly foreseeable by Cummings that his client would attempt to draw checks on her personal account, in reliance upon the $2,500 check deposited by her.

The Superior Court's award of compensatory damages for unnecessary attorney fees ($607.66) and bank charges ($260) attributable to the stop payment order are clearly sustainable as proximately resulting from Cummings' initiation of the stop payment order. The award of damages for emotional distress, even though unaccompanied by evidence of physical harm, is sustainable under that portion of the Superior Court's ruling which determined that Cummings' conduct was intentional and within the context of the attorney-client relationship. The intentional infliction of severe emotional distress may provide the legal predicate for an award of damages, even in the absence of accompanying bodily harm, if such conduct is viewed as outrageous. *Restatement (Second) of Torts* § 46(1) (1965). Since the trier of fact has characterized the conduct here under review as "outrageous" and arising in a relationship of "trust and confidence," we find no error in such an award. Similarly, with respect to the award of punitive damages, while ordinary negligence will not suffice to support such an award, intentional or willful conduct with reckless disregard for the interests of a client may subject an attorney to the imposition of punitive damages. *Finch v. Hughes Aircraft Co.,* 57 Md.App. 190, 469 A.2d 867 (1984), *cert. denied,* 300 Md. 88, 475 A.2d 1200 (1984), *cert. denied,* 469 U.S. 1215, 105 S.Ct. 1190, 84 L.Ed.2d 336 (1985). In view of the factual findings made by the trial judge concerning Cummings' disregard for the interests of his client, we are satisfied that a legal predicate existed for the imposition of punitive damages in a sum reasonably proportionate to the award of compensatory damages. *Jardel Co. v. Hughes,* Del.Supr., 523 A.2d 518 (1987).

We also find no merit in Cummings' remaining claim of error. Cummings' complaint that the trial judge ruled against him without reviewing the trial memorandum submitted by counsel is effectively mooted by the trial judge's reformulation of his decision following remand. Finally, we hold that Cummings' claim that Pinder's action was barred by the doctrine of accord and satisfaction lacks a factual basis. As the Superior Court found, the increased fee was imposed unilaterally and without discussion after services had been completed. Thus, there was not a bona fide dispute based on mutual good faith. *Cf. Modern Dust Bag Co. v. Commercial Trust Co.,* Del.Ch., 104 A.2d 378, 380 (1954).

The judgment of the Superior Court is AFFIRMED.