Michele FANEAN, Plaintiff

v.

RITE AID CORPORATION
OF DELAWARE, INC.,
Defendant.

C.A. No. 08C–07–151 JOH.

Superior Court of Delaware,
New Castle County.

Submitted: Oct. 14, 2009.
Decided: Dec. 3, 2009.
Amended: Dec. 9, 2009.

Stephen F. Dryden, Esquire of Robinson, Grayson, Dryden & Ward, P.A., Wilmington, DE, for the defendant.

James F. Bailey, Jr., Esquire of the Bailey Law Firm, Wilmington, DE, for the plaintiff.

## *OPINION*

HERLIHY, Judge.

Defendant Rite Aid Corporation of Delaware has moved to dismiss plaintiff Michele Fanean's third amended complaint. Her complaint, and its myriad causes of action, arises from alleged communications to various people by one of Rite Aid's employees about Fanean's medical condition and medication for its treatment. These disclosures, Fanean asserts, caused her emotional distress and physical injury. The Court finds several of her causes of actions should be dismissed but that others survive at this procedural stage.

### *Factual Background*

Plaintiff, Michele Fanean has been a customer of defendant, Rite Aid Corporation of Delaware at its pharmacy located at 2713 Philadelphia Pike in Claymont since at least 2001. She was receiving treatment for a chronic, communicable disease in the form of prescription medication supplied by Rite Aid in either late April or early May 2008.

During that time, Alexis Chessen, 23, was employed by Rite Aid as a pharmacy clerk. During the course of her employment with Rite Aid,[1] Chessen provided sensitive information detailing Fanean's prescription and medical history to third parties without justification, including Fanean's daughter and her fiancé's son. The information disclosed eventually made its way back to Fanean's fiancé and allegedly caused Fanean humiliation and embarrassment. As a result of the disclosure, Fanean allegedly sought treatment from a medical doctor as well as a psychiatrist.

### *Procedural History*

Fanean's first complaint was founded solely on an allegation of negligence *per se* in that Rite Aid, through Chessen, had violated the Health Insurance Portability and Accountability Act ("HIPAA").[2] Rite Aid sought removal to the United States District Court of Fanean's action. The District Court remanded her actions to this Court. Rite Aid moved to dismiss the first complaint, but Fanean was given leave to file a second amended complaint ("SAC"). That complaint was also premised on a negligence *per se* claim arising under HIPAA. Rite Aid once again moved to dismiss the SAC prior to answering it. It argued that the claim based on the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") deprived this Court of jurisdiction and, alternatively, could not stand as a private cause of action. It alleged that under Rules 12(b)(1) and 12(b)(6)[3] the complaint must be dismissed.

On July 13, 2009 the Court heard argument in the motion to dismiss the SAC and

---

**1.** The factual allegations concerning Chessen's alleged disclosure of confidential information within the scope of her employment with Rite Aid are dangerously sparse for a threshold issue in this case. Under the liberalized pleading standards pertaining to a motion to dismiss the Court finds sufficient allegations to invoke *respondeat superior* but "invites" the parties to revisit this issue during discovery.

**2.** Pub.L. No. 104–191, 110 Stat. 1936 (1996)(codified as amended in Titles 18, 26, 29 and 42 of U.S.C.). The legislative mandate concerning patient privacy is codified at 42 U.S.C.A. §§ 1320d–1—1320d–7 (West. 2009), and the Department of Health and Human Services regulations are published at 45 C.F.R. §§ 160.101—160.552 (2009).

**3.** Super. Ct. Civ. R. 12(b).

held that a common law claim of negligence *per se* could not be predicated upon a violation of HIPAA and dismissed those claims.[4] The Court, however, allowed Fanean to file a third amended complaint to cure procedural defects in the SAC.

Plaintiff filed her third amended complaint ("TAC") on July 27, 2009. In that she alleges eleven causes of action:

1. Negligence *per se* based on a violation of HIPAA (Count II [5]).
2. Intentional infliction of emotional distress ("IIED") (Count III).
3. Negligent Infliction of emotional distress ("NIED") (Count IV).
4. Invasion of privacy in violation of "Restatement II[sic] of Torts § 652" (Count V).
5. Breach of contract between Fanean and Rite Aid (Count VI(a)).
6. Negligence (Count VI(b)).
7. Negligence *per se* based on a breach of confidentiality in violation of the American Pharmaceutical Association's standards (Count VII(a)).
8. Breach of Confidentiality (Count VII(b)).
9. Breach of contract between APA and Rite Aid in which Fanean was a third party beneficiary (Count VIII(a)).
10. Negligent hiring (Count VIII(b)).
11. Negligent retention (Count VII(c)).[6]

Rite Aid has once again moved to dismiss the TAC for reasons similar to its motion to dismiss the SAC.

### Standard of Review

A motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to Superior Court Civil Rule 12(b)(6) will not be granted if the plaintiff may recover under any conceivable set of circumstances susceptible of proof under the complaint.[7] All reasonable inferences will be drawn in the light most favorable to the plaintiff,[8] but the Court will only accept reasonable inferences and allegations [9] deriving from well-pled allegations.[10]

### Parties' Contentions

Rite Aid seeks to dismiss all counts of the TAC. Taking the counts in the order presented in the complaint, Rite Aid moves to dismiss Count II—negligence *per se* based on HIPAA standards—on the law of the case doctrine. Rite Aid argues that this Court has already decided this issue and is bound by that previous decision.

Rite Aid argues that both emotional distress claims (Counts III and IV) must be dismissed based on this Court's decision in *Doe v. Green*.[11] *Green*, Rite Aid represents, imposes a presence requirement in order to recover for IIED or NIED.

Rite Aid relies on *Hyatt v. EDC Drug Stores, Inc. d/b/a Eckerd Drugs and Mandy Davis*[12] which, it argues, stands for the

---

**4.** *Fanean v. Rite Aid Corp. of Del.*, C.A. 08C–07–151 (Del.Super.Jul. 13, 2009) (ORDER).

**5.** Count I lays out the factual basis of the complaint and is not a separate cause of action.

**6.** TAC ¶¶ 6–21.

**7.** *Rawley v. J.J. White, Inc.*, 918 A.2d 316, 319 (Del.2006).

**8.** *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del.2002).

**9.** *White v. Panic*, 783 A.2d 543, 549 (Del. 2001).

**10.** *Clinton v. Enterprise Rent–A–Car Co.*, 977 A.2d 892, 894 (Del.2009).

**11.** 2008 WL 282319 (Del.Super.Jan.30, 2008).

**12.** C.A. No. 2007–42–CP–4383 (S.C. Ct. Com. Pl. Spartanburg County Jul. 30, 2009)(ORDER).

proposition that if a pharmacy has lawful access to a patient's medical history then there can be no invasion of privacy as a matter of law.[13] Rite Aid further relies on *Hyatt* for the proposition that no breach of contract (Count VI(a)) action can be sustained by reference to internal company policies.

Addressing other causes of action, Rite Aid argues that no negligence *per se* claim based on alleged violations of the American Pharmaceutical Association standards state a cause of action because "a review of the document relied upon and incorporated by reference notes that said document relates to pharmacists who are defined as health professionals assisting individuals in making the best use of medications. The Defendant is a corporate entity and not a pharmacist."[14] Therefore, Rite Aid argues, this is an attempt by Fanean to create a private cause of action from HIPAA.

Rite Aid attempts to dismiss the third party beneficiary claim on the ground that the Supremacy Clause of the United States Constitution calls for federal preemption in any case based off a federal law or agency regulation. Rite Aid argues that this entire suit is based off HIPAA claims and, therefore, it is entirely preempted.[15]

In response, Fanean argues that both emotional distress claims state a cause of action because presence is not required under Delaware case law and the Restatement. Fanean also argues that *Hyatt* is not persuasive in the breach of contract claim because the document relied upon was not a internal memorandum but a pamphlet Rite Aid used to entice potential customers to fill their prescriptions at Rite Aid. Fanean further argues that the breach of contract claim is not preempted by HIPAA because Rite Aid created the contract.

Fanean finally argues that she is not trying to create a private cause of action under HIPAA, but rather she is attempting to invoke it in a civil action alleging various torts in the same way she would have the right to use traffic laws as a basis for a negligence action, but would have no authority to enforce those traffic laws through criminal penalties.

### *Discussion*

### *A Claim of Negligence Per Se Based on HIPAA is Barred by the Law of the Case Doctrine*

■ The SAC alleged negligence *per se* based on a violation of HIPAA. This Court addressed that claim in its July 13, 2009, hearing on Rite Aid's motion to dismiss the SAC. The Court stated, in relevant part:

> Frankly, what I think I am down to is whether there can be a negligence per se claim under the Health Insurance Portability and Accountability Act, known as HIPAA. And I'm satisfied that there can be no separate cause of action under HIPAA. Any claim that is premised as a negligence per se claim under HIPAA is dismissed.
>
> * * *
>
> Therefore, in so much as the complaint sets out a negligence per se claim under HIPAA, it—the motion to dismiss is granted. . . .
>
> There is out there, which I'm not resolving today, the issue of whether HIPAA can itself set some kind of stan-

---

13. *Id.* at 3; Mot. to Dismiss at 2.

14. Mot. to Dismiss at 2.

15. The motion to dismiss does not address the negligent retention/negligent hiring claim.

dard, such as like OSHA or something like that. I don't know, but that I view is different.[16]

But, when the TAC was filed, it again contained an allegation of negligence *per se* substantively identical to the SAC's ill-fated claim.[17]

■ Rite Aid argues that this previous ruling bars relitigation under the law of the case doctrine. The doctrine "is designed to prevent the relitigation of prior determinations and inconsistent judgments."[18] The law of the case becomes applicable when the Court applies a legal principle to an issue based on facts that have stayed constant over the course of the litigation.[19] Only upon a showing of the existence of newly discovered evidence, a change in the law, or a resulting manifest injustice should the Court reopen decisions that it has already adjudicated.[20] Without such a showing, there can be no new consideration.[21]

The SAC and TAC set forth identical allegations. The Court's July 13th ruling invokes the law of the case doctrine and Fanean has not made the required showing regarding change in fact or law or injustice needed to upset that decision, as required by *Frank G.W.* As a result, Fanean's claim for negligence *per se* based on a violation of HIPAA (Count II) is barred and is, again, dismissed.

## The Complaint Properly States a Claim for Intentional Infliction of Emotional Distress

■ Count III of the TAC alleges that Rite Aid intentionally or recklessly acted in an extreme and outrageous manner causing severe emotional distress.[22] The elements of IIED were set out clearly by this Court in *Mattern v. Hudson.*[23] *Mattern* relied upon the Restatement (Second) of Torts § 46.[24]

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

 a. To a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

 b. To any other person who is present at the time, if such distress results in bodily harm.[25]

---

**16.** Mot. to Dismiss H'rng. Tr. at 2–3, 4 (Jul. 13, 2009).

**17.** TAC ¶¶ 6–8.

**18.** *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.,* 711 A.2d 45, 55 (Del.Super.1995) (citing *Moses v. State Farm Fire & Cas. Ins. Co.,* 1992 WL 179488 (Del.Super.Jun. 25, 1992)).

**19.** *Kenton v. Kenton,* 571 A.2d 778, 784 (Del. 1990).

**20.** *Frank G.W. v. Carol M.W.,* 457 A.2d 715, 719 (Del.1983); *Monsanto Co. v. Aetna Cas. &*

*Sur. Co.,* 1993 WL 542399 (Del.Super.Dec. 9, 1993); *T.V. Spano Bldg. Corp. v. DNREC,* 1992 WL 1364297 (Del.Super.Sept. 3, 1992).

**21.** *Kenton,* 571 A.2d at 784.

**22.** TAC ¶¶ 9–10.

**23.** 532 A.2d 85 (Del.Super.1987); *see also Cummings v. Pinder,* 574 A.2d 843 (Del.1990) (using the standards set forth in *Mattern*).

**24.** *Mattern,* 532 A.2d at 85–86.

**25.** Restatement (Second) of Torts § 46.

Rite Aid argues that this Court's decision in *Doe v. Green*[26] mandates applicability of the second subsection of § 46, thus creating a presence requirement that Fanean cannot satisfy. That requirement mandates the plaintiff to be physically present during the extreme and outrageous conduct if it directed at a third party and not the plaintiff. *Green* rejected a minority of states' cases that relaxed the presence requirement under some instances of "aggravated" extreme and outrageous conduct.[27]

This Court has considered the difference between subsection 1 and 2 in § 46 in *Cooper v. Board of Education of Red Clay Consolidated School District.*[28] *Cooper* compared the *Green* case with *Farmer v. Wilson*[29] and noted the difference in a direct claim of IIED as compared to a third party claim. In a direct claim, it is the *plaintiff* who was the victim of the extreme and outrageous conduct, as compared to a third party claim that provides recovery based on some proximity and familiar relationship, or proximity and physical injury.[30] *Cooper* held that subsection 1 applies to direct claims and subsection 2 applies to a third party claim.[31]

After analyzing the complaint, Fanean sets forth a *direct* claim of IIED. She alleges that Rite Aid intentionally or recklessly inflicted severe emotional damage on her through its extreme and outrageous conduct. The TAC does not allege that a third party was the subject of the conduct and thereby Fanean suffered as a result of her relationship to the third party, as was the case in *Green.* Fanean's direct claim invokes § 46 subsection 1 of the Restatement. Fanean has properly alleged extreme and outrageous conduct and severe emotional disturbance. The motion to dismiss the IIED claim is denied.[32]

### The Complaint Properly States a Cause of Action for Negligent Infliction of Emotional Distress

Rite Aid seeks to dismiss Fanean's NIED claim for the same reasons as the IIED claim and once against cites *Green* for the proposition that the plaintiff must be physically present during the alleged negligent conduct in order to recover. It does not set forth any separate argument concerning NIED.

*Robb v. Pennsylvania Railroad*[33] was the first Delaware case to examine NIED, or outrage, as it is historically titled:

> [W]here negligence proximately caused fright, in one within the immediate area of physical danger from that negligence, which in turn produced physical consequences such as would be element of damage if a bodily injury had been suffered, the injured party is entitled to recover under an application of the prevailing principles of law as to negligence and proximate causation.[34]

---

26. 2008 WL 282319 (Del.Super.Jan. 30, 2008).

27. *Id.* at *2.

28. 2009 WL 3022129 (Del.Super.Sept. 16, 2009).

29. 1992 WL 331450 (Del.Super.Sept. 29, 1992).

30. *Cooper,* 2009 WL 3022129 at *1–*2.

31. *See* Restatement (Second) of Torts, § 46 cmt. l.

32. *See Fahey–Hosey v. Capano,* 1999 WL 743985 (Del.Super.Aug. 31, 1999) (holding that it is the Court's responsibility to determine whether the alleged conduct is so extreme and outrageous to permit recovery under the theory of IIED).

33. 210 A.2d 709 (Del.1965).

34. *Id.* at 714–15.

The tort of outrage also requires that the plaintiff suffer physical injury, as the courts will not provide relief for fright alone,[35] and be present within the "zone of danger" of the negligent act.[36] Later cases have included enumerated negligence, injury and presence as elements of NIED.[37] The complaint has adequately averred that Rite Aid's negligence[38] proximately caused Fanean to suffer physical injury in the form of depression and anxiety.[39] The central issue then shifts to whether Fanean was present in a zone of danger as it related to the negligent conduct.

Zone of danger is defined as "that area where the negligent conduct causes the victim to fear for his or her own safety."[40] The Restatement (Second) of Torts § 313 provides the classic example of such zones of danger. It illustrates a mother who witnesses her child negligently struck by a vehicle and suffers emotional distress resulting in bodily injury as a result. Under the zone of danger rule, the mother's emotional distress is compensable only if she were in path of the oncoming car.[41]

The facts of this case complicate that traditional analysis. It is difficult to pin down that area that this alleged negligent conduct would cause the victim to fear for her safety. The spoken word is not as abrupt as an oncoming car. It does its damage by permeating into the victim's social circles and disrupts her relationships and causes humiliation. Under that circumstance, the zone of danger can be greater, both proximately and temporally, than one would normally expect with negligence that involves some sudden impact resulting in another's physical injury. However, this definition of the zone of danger is not without limitation, the plaintiff is still held to the bounds of foreseeability that restrict all compensable negligence damages.[42] In this circumstance, it is reasonable and foreseeable that disclosing the information to people within Fanean's intimate social network would cause her harm; however, that is not always the case. If Chessen disclosed personal information to a person unaffiliated with Fanean, Fanean may not be able to state a cause of action for NIED.[43]

---

**35.** *Id.* at 711.

**36.** *Snavely ex. rel. Snavely v. Wilm. Med. Ctr. Inc.*, 1985 WL 552277, at *2 (Mar. 18, 1985). The zone of danger test is a variation of the impact rule practiced in some states that require the plaintiff to show some type of impact or injury, however slight, before he or she can recover.

**37.** *Rhinehardt v. Bright*, 2006 WL 2220972, at *5 (Del.Super.Jul. 20, 2006); *Atamian v. Ryan*, 2006 WL 1816936 (Del.Super.Jun. 9, 2006); *Allison v. J.C. Bennington Co.*, 1996 WL 944908 (Del.Super.Aug. 6, 1996); *Drainer v. O'Donnell*, 1995 WL 338700 (Del.Super.May 30, 1995).

**38.** While it is not clearly conveyed, the complaint draws the inference that Chessen, acting as a reasonably prudent and careful pharmacy technician, would not have divulged the information that she disseminated, thus satisfying the negligence pleading requirement.

**39.** TAC ¶ 22.

**40.** *Green*, 2008 WL 282319, at *1 (citing Restatement (Second) of Torts § 313, cmt. d); *accord Snavely*, 1985 WL 552277 at *4.

**41.** Restatement (Second) of Torts § 313, cmt. d.

**42.** *See Robb*, 210 A.2d at 714 (limiting the tort to include only that which satisfy traditional negligence's requirements of foreseeability and proximate cause).

**43.** This approach is in line with the draft of the Restatement (Third) of Torts § 46 which states, "An actor whose negligent conduct cause serious emotional disturbance to another is subject to liability to the other if the conduct: ... (b) occurs in the course of specified categories of activities, undertakings, or relationships in which negligent conduct is especially likely to cause serious emotional

This Court holds that Fanean has adequately pled that she was in the zone of danger for a NIED claim based upon the improper disclosure of confidential prescription records. The issues of reasonableness and foreseeability cannot be determined at this point. Due to the fact that Fanean has properly pled all other elements of NIED, the motion to dismiss Count IV is denied.

### The Complaint Does Not Allege Unreasonable Intrusion to Sustain an Invasion of Privacy Claim

■ Delaware has four torts falling under the umbrella term invasion of privacy: 1) intrusion on the plaintiff's physical solitude; 2) publication of private matters violating the ordinary decencies; 3) putting plaintiff in a false position in the public eye; and, 4) appropriation of some element of plaintiff's personality for commercial use.[44] Fanean's complaint alleges a violation of her intrusion upon seclusion.[45] She alleges "there was an unreasonable intrusion upon the seclusion of the Plaintiff of a kind that would be highly offensive to a reasonable person."[46]

The Supreme Court considered intrusion upon seclusion in *Barker v. Huang*[47] and noted that the focus of this tort is on the intrusion.[48] Intrusion is defined as entering without invitation or welcome.[49] When Fanean became associated with Rite Aid she understood that its employees would have access to her prescription history. Fanean's complaint does not allege that Chessen intruded upon her information in any unreasonable fashion. This Court has no basis to draw an inference that Chessen obtained Fanean's prescription information for any illegitimate reason. Fanean's discontent focuses on the dissemination of that information, not the procurement of it. The Court holds that a pharmacy and its employees access to confidential information is reasonable and cannot constitute intrusion for the sake of a breach of privacy claim.[50] The claim is dismissed.

### The Complaint States a Breach of Contract Based on Promissory Estoppel

■ Fanean attached to her complaint a document entitled "Patient Privacy Notice of Privacy Practices."[51] That notice states, "The Notice describes your rights and Rite Aid's duties with respect to protected health information about you."[52]

---

disturbance." This relationship between Fanean and Rite Aid is that type of special relationship as patients entrust their pharmacy to their entire personal medical history. *See also, Gracey v. Eaker*, 837 So.2d 348 (Fla. 2002) (holding that Florida's "impact rule" to NIED was not applicable in cases where the plaintiff alleged a breach of confidentiality between a psychotherapist and patient).

**44.** *Barbieri v. News–Journal Co.*, 189 A.2d 773, 774 (Del.1963).

**45.** TAC ¶ 14

**46.** *Id.*

**47.** 610 A.2d 1341 (Del.1992).

**48.** *Id.* at 1350. "The defendant is subject to liability only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs. Thus the *sine qua non* of this variety of the tort of invasion of privacy is clearly *intrusion*." *Id.* (internal punctuation and quotations omitted, emphasis in original); Restatement (Second) of Torts § 652B.

**49.** *Beckett v. Trice*, 1994 WL 710874 (Del.Super.Nov. 4, 1994).

**50.** Fanean acknowledged at oral argument that she was not pursuing a claim of invasion of privacy based on publication. As a result, this Court will not analyze such a claim.

**51.** TAC Ex. A.

**52.** *Id.* at 1.

It further states, "Rite Aid takes its responsibility for maintaining your protected health information in confidence very seriously.... We are required by law to maintain the privacy of protected health information ... Rite Aid is to abide by the terms of the Notice that is currently in effect." [53] Fanean alleges she relied upon that contract.[54]

A contract is defined as an agreement upon sufficient consideration to do or not do a particular thing.[55] Contracts require mutual assent to the terms of the agreement and the existence of consideration.[56] Furthermore, there must be an offer made by one person to another and an acceptance of that offer by the person to whom it was made.[57] An offer is the communication by one person to another of his willingness to enter into a contract with him on the terms specified in the offer.[58] When an offer requests an act and that act is performed, that offer is considered accepted.[59]

The TAC does not state that Fanean ever accepted the contract as it was written. The complaint only alleges that she relied upon the contract. This is not enough to plead proper acceptance of the contract and the breach of contract claim will be dismissed. However, Fanean has properly pled an action for promissory estoppel. The elements required for promissory estoppel are: 1) a promise was made; 2) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; 3) the promisee reasonably relied on the promise and took action to his or her detriment; and, 4) such promise is binding because injustice can be avoided only by enforcement of the promise.[60] The complaint sets forth all of these conditions.

This Court was faced with a similar claim in *Martin v. Baehler*.[61] In that case the defendant physician was alleged to have communicated to the plaintiff's grandmother, mother and/or stepfather the fact that plaintiff was pregnant. This Court did not allow an action based in contract to proceed because it held that plaintiff's recovery in contract is limited to economic damages and she could not state a claim solely for emotional damages.[62] Three years after *Martin*, the Supreme Court held in *E.I. DuPont de Nemours & Co. v. Pressman*[63] that "[d]amages for emotional distress are not available for breach of contract in the absence of physical injury or intentional infliction of emotional distress." [64] The TAC alleges physi-

53. *Id.* at 2.

54. TAC at ¶ 16. This is not an internal memorandum like that relied upon in *Hyatt*.

55. *Rash v. Equitable Trust Co.*, 159 A. 839 (Del.Super.1931).

56. *Faw, Casson & Co. v. Cranston*, 375 A.2d 463 (Del.Ch.1977).

57. *Salisbury v. Credit Service, Inc.*, 199 A. 674 (Del.Super.1937).

58. *Id.*

59. *Acierno v. Worthy Bros. Pipeline Corp.*, 693 A.2d 1066 (Del.1997).

60. *Chrysler Corp. (Del.) v. Chaplake Holdings, Ltd.*, 822 A.2d 1024 (Del.2003).

61. 1993 WL 258843 (Del.Super.May 20, 1993). Remarkably, this fifteen year old decision by this Court detailing an almost identical cause of action was never incorporated by either party in any of its prior motions despite its potentially persuasive effect for either party.

62. *Id.* at *4.

63. 679 A.2d 436 (Del.1996).

64. *Id.*

cal injury and properly pleads IIED; therefore, emotional distress based on a breach of contract is a proper measure of damages. This Court holds that Fanean has properly pled a promissory estoppel claim.

### The Complaint Properly Pleads an Action for Negligence

■ The TAC alleges, "[T]he defendant voluntarily undertook a duty and once having undertaken a duty to plaintiff and others, it's [sic] breach of that duty, even if voluntarily undertaken, constitutes negligence and makes the defendant liable to the plaintiff sustained as a direct result of that breach of duty." [65] The complaint properly pleads the four familiar elements of a negligence action—duty, breach, proximate causation and damages [66]—alleging that Rite Aid voluntarily undertook a duty when it decided to be Fanean's pharmacy. The TAC states a cause of action for negligence.

■ The Supreme Court held in *Toll Brothers v. Considine*[67] that a common law negligence claim can be predicated upon OSHA requirements [68] "OSHA regulations might provide a standard that is part of the total mix of what is reasonable under the circumstances." [69] Fanean is attempting to use HIPAA in precisely the same fashion. Fanean, like the plaintiff in *Toll Brothers*, seeks to use a federal statute that it does not have a right to enforce as a guidepost for determining the standard of care applicable to a negligence action. This use does not run afoul of the Supremacy Clause.

### The American Pharmaceutical Association's Standards Cannot Serve as the Basis for a Negligence Per Se Claim.

■ Count VII of the complaint alleges, "The conduct of defendant ... constitutes a breach of confidentiality in violation of *inter alia*, The American Pharmaceutical Standards, of which Rite Aid is a member, proximately resulting in damages to Plaintiff and which represents negligence *per se*." [70] The Court is unsure which theory of liability Fanean is setting forth in this averment and will evaluate both negligence *per se* and breach of confidentiality.

■ The first possible theory is negligence *per se* based on the American Pharmaceutical Association's ("A.P.A.") standards. A violation of a statute enacted for the safety of others constitutes negligence *per se*.[71] *Toll Brothers*[72] held that even though OSHA regulations had a preemptive effect on Delaware regulatory law, they could not serve as the basis for a negligence *per se* standard. It held, "One must look to Delaware common law as the repository for the creation of a cause of action based on negligence *per se*." [73] The Court notes that the A.P.A. is a private organization and not a legislative body by

---

**65.** TAC ¶ 16. The Court feels it necessary to highlight the Plaintiff's continual failure to separately enumerate her complaint into distinct causes of action, even at the prior direction of the Court in its July 13th ruling. The negligence claim was buried in the middle of a paragraph detailing a separate cause of action for breach of contract.

**66.** *See Hall v. Dorsey*, 1998 WL 960774 (Del.Super.Nov.5, 1998).

**67.** 706 A.2d 493 (Del.1998).

**68.** *Id.* at 498.

**69.** *Id.*

**70.** TAC ¶ 18.

**71.** *Wright v. Moore*, 931 A.2d 405, 406 (Del. 2007).

**72.** 706 A.2d at 496.

**73.** *Id.* at 497.

any definition. The basic concept of negligence *per se* is to ease the requirements of proving negligence if a party inflicts harm that the General Assembly attempted to alleviate by legislative enactment. That power does not exist in private organizations. The A.P.A. (or any similar association) cannot serve as the basis of *per se* liability. The first aspect of Count VII is dismissed. The Court will now consider the second possible claim set forth in Count VII, breach of confidentiality.

### The Complaint States a Cause of Action for Breach of Confidentiality

■ The tort of breach of confidentiality was first stated by this Court in *Martin*.[74] This Court in *Redden by Redden v. Meadow Wood Hospital for Children and Adolescents*[75] later set out three elements required to state a cause of action: 1) defendant owed a duty of confidentiality; 2) a physician-patient relationship existed; and 3) that duty was breached.[76]

■ The first element is met; Rite Aid owes its patients of a duty of confidentiality. Although they do not have the force of law, the A.P.A.'s standards of conduct provide an example of the expectations patients have on their pharmacy and its employees. The second canon states, "A pharmacist promotes the good of every patient in a caring, compassionate, and confidential manner."[77] The Court draws the inference that Rite Aid's patients (customers) expect this type of confidentiality

by virtue of the information they disclose to their pharmacist and the pharmacy's position of trust. Rite Aid argues that it is not to be judged by those standards because it is a corporation and not a pharmacist. That argument is summarily rejected. A corporation holding itself out to the public as a pharmacy will be treated as a pharmacist. It has a duty to its patients to keep records confidential absent carefully crafted, non-applicable, exceptions.

■ The second element is also met. When Rite Aid began dispensing Fanean's pharmaceutical needs it began a patient-physician type relationship. While no Delaware court has decided whether communications between a pharmacist and patient invoke the evidentiary privilege,[78] that fact is not dispositive. "The practice of pharmacy in the State is declared a learned professional practice affecting the public health, safety and welfare and subject to regulation and control in the public interest."[79] The General Assembly has recognized the importance of pharmacists as health care providers and this Court holds that a physician-patient relationship, for the purposes of confidentiality, is undertaken by the pharmacist when he or she accepts a patient (or customer). The second element of a breach of confidentiality claim is met. Considering the third element, the complaint sets forth a breach by a Rite Aid employee; which, under the principles of *respondeat superior*, could impose liability against Rite Aid.[80] There-

74. 1993 WL 258843 at *2.

75. 1997 WL 127981 (Feb. 21, 1997).

76. *Id.* at *2.

77. TAC Ex. B.

78. D.R.E. 503.

79. 24 *Del. C.* § 2501.

80. *Martin* dealt with a similar situation in which the doctor did not disclose the information, but rather one of her subordinates did. The court there held, "Thus, the precise issue here is whether the doctor is liable for the employee's disclosure. I hold that the doctor can be liable for breach of her duty to maintain plaintiff's confidence if the jury finds she did not implement reasonable office procedures to guard against such a disclosure." *Martin*, 1993 WL 258843 at *4. *Martin* decided a claim of direct negligence as opposed

fore, the TAC has properly pled a claim for breach of confidentiality in Count VII(b).

### There is no Third Party Beneficiary Claim

 Fanean claims that she is a third party beneficiary of a contract between the A.P.A. and Rite Aid. The complete allegation states, "The conduct of Defendant [in TAC ¶ 18] also constitutes a breach of contract as plaintiff was a third party beneficiary of the agreement between defendant and the A.P.A."[81] Paragraph 18 states, "Defendant voluntarily undertook a duty to the plaintiff by agreeing to honor and follow the confidentiality standards of the A.P.A. and thereafter breached the voluntary assumption of a duty owed to plaintiff."[82] The Form 30 interrogatories referenced in the motion state, "[T]he written promise made by Rite Aid to its customers to protect and keep confidential medical information is attached hereto as is the Standards of the American Pharmaceutical Association of which defendant is a member."[83]

The complaint fails to state a third party beneficiary claim for two reasons. First, the complaint does not allege that a third party agreement between the A.P.A. and Rite Aid exits. The standards attached are in reference to a breach of confidentiality agreement and a breach of contract claim of which Fanean is a direct party; at no point does the complaint properly allege Fanean is a donee or creditor beneficiary. Without establishing the intent to benefit a third party no third party beneficiary

claim exists.[84] Second, the complaint does not properly allege that Rite Aid and the A.P.A. have a contractual relationship at all. A contract does not exist simply because a party is a member of an organization. One of the hallmarks of a contractual relationship is that the aggrieved party has the ability to file suit for a breach. There is no allegation of any contract, merely affiliation. Count VIII(a) of the complaint—breach of a third party beneficiary contract—is dismissed.

### The Complaint States a Claim for Direct Negligence Against Rite Aid

In her final allegation, Fanean alleges:

The failure of the defendant to terminate the employment when it knew or should have known of the fact that Chessen had previously released confidential information to customers constitutes negligent hiring and/or retention as it allowed an employee with known proclivities to disseminate confidential medical information to thereafter handle the confidential information of plaintiff.[85]

The TAC attempts to set forth two separate causes of action. The first is a negligent hiring allegation and the second a negligent retention claim. Although they share many elements, these two actions must be evaluated separately because the relevant actions or omissions occur at different times.

 This Court has recognized a claim for negligent hiring and supervision in *Simms v. Christina School District*,[86] "An employer is liable for negligent hiring or supervision where the employer is neg-

---

to vicarious liability and is not applicable in this case.

81. TAC ¶ 20.

82. TAC ¶ 18.

83. Form 30 Interrogatories at ¶ 4.

84. *Reserves Dev. LLC v. Severn Savs. Bank*, 2007 WL 4054231 (Del.Ch. Nov. 9, 2007).

85. TAC ¶ 21.

86. 2004 WL 344015 (Del.Super.Jan. 30, 2004).

ligent . . . in the employment of improper persons involving the risk of harm to others or in the supervision of the employee's activities." [87] The Court established that this is the direct liability of the employer rather than its employee's negligence imputed through vicarious liability.[88]

*Matthews*[89] expanded *Simms'* definition to include retention. It analyzed a claim entitled "Negligent Supervision and Retention" [90] and held, "An action for negligent supervision is based upon the employer's negligence in failing to exercise due care to protect third parties from the foreseeable tortious acts of an employee.[91] The employer is negligent when it employs improper persons, thus creating an unreasonable risk of harm." [92]

■ The direct negligence claims require that the employer be on notice. "The deciding factor is whether the employer had or should have had knowledge of the necessity to exercise control over its employee." [93] *American Jurisprudence, Proof of Facts* sets out the standard succinctly:

> As a general rule, the plaintiff must also demonstrate that his or her injuries were caused by that attribute of the incompetent employee which the employer knew or should have known was likely to cause harm. In other words, there must be a causal relationship between (1) the particular quality or characteristic of the employee that rendered him or her unfit for the job, and of

which the employer knew or should have known, and (2) the injury suffered by the plaintiff.[94]

In order to state a claim for negligent hiring the TAC needed to allege that Rite Aid was on notice of Chessen's risk of tortious behavior *at the time it hired her.* It has failed to do so. This Court cannot draw any inference from the TAC that it knew or should have known she was a risk at the time of hiring. Therefore, the negligent hiring claim must be dismissed.

■ Fanean has alleged a cause of action for negligent retention, albeit shallow. She alleges Rite Aid "allowed an employee with known proclivities to disseminate confidential medical information to thereafter handle the confidential information of plaintiff." [95] The complaint draws an inference that Chessen had previously disseminated confidential information or Rite Aid knew of her inclination to do so. Also, the harm caused to Fanean was the harm threatened by Chessen's previous behavior. Under the liberal pleading requirements that accompany a motion to dismiss, the TAC sufficiently alleges a claim upon which relief can be granted. The motion is denied.

### Conclusion

For the foregoing reasons this Court holds motion to dismiss the following counts:

Count II—Negligence *per se* based on HIPAA standard—**GRANTED**

---

87. *Id.* at *8.

88. *Smith v. Williams*, 2007 WL 2677131 (Del.Super.Sept. 11, 2007).

89. 2008 WL 2154391, at *1.

90. *Id.* at *2–*4.

91. *Id.* at *3.

92. *Id.*

93. *Matthews v. Booth*, 2008 WL 2154391 (Del.Super.May 22, 2008); *accord Hitchens v. Cannon & Cannon, Inc.*, 1988 WL 130414 (Del.Super.Nov. 21, 1988).

94. 37 Am.Jur. POF 3d 191.

95. TAC ¶ 21.

Count III—Intentional infliction of emotional distress—**DENIED**

Count IV—Negligent infliction of emotional distress—**DENIED**

Count V—Invasion of privacy—**GRANTED**

Count VI(a)—Breach of contract—**DENIED**

Count VI(b)—Negligence—**DENIED**

Count VII(a)—Negligence *per se* based on A.P.A. standards—**GRANTED**

Count VII(b)—Breach of confidentiality—**DENIED**

Count VIII(a)—Breach of third party beneficiary contract—**GRANTED**

Count VIII(b)—Negligent hiring—**GRANTED**

Count VIII(c)—Negligent retention—**DENIED**

IT IS SO ORDERED.