IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

GLOBAL AEROSPACE, INC., )
)
Plaintiff, )
)
v. )    C.A. No. N16C-07-241 MMJ CCLD
)
CAROL MCDOWELL, as Representative )
for the Estate of JAMES MCDOWELL, )
and SHELLY DeVRIES as Representative )
of the Estate of BAUKE DeVRIES, )
)
Defendants. )

## ORDER

Submitted: March 29, 2017
Decided: May 8, 2017

On Joint Motion of Defendants Carol McDowell and Shelly Devries
for Reargument Under Rule 59(e)
Regarding Plaintiff's Motion for Partial Judgment on the Pleadings
Pursuant to Rule 12(c) as to Count VI Only
**GRANTED**

1.    At the conclusion of oral argument on Plaintiff's Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c), the Court dismissed Count VI of Defendants' Counterclaim without prejudice. The Court found: "With regard to

Intentional Infliction of Emotional Distress, there needs to be a medically-confirmed physical manifestation, which has not been alleged in Count VI."

2. Defendants McDowell and Devries have moved for reargument under Rule 59(e). Defendants contend that the Court erred as a matter of law. While physical injury is a necessary element of negligent infliction of emotional distress, bodily injury is not required for claims based on intentional or reckless conduct.[1]

3. In its Opposition, Plaintiff does not dispute that intentional infliction of emotional distress claims do not require proof of attendant physical bodily injury. However, Plaintiff argues that Defendant have not pled severe emotional distress with sufficient specificity.

3. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[2] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision. "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[3]

---

[1] *Cummings v. Pindar*, 574 A.2d 843, 845 (Del. 1990).

[2] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (1969).

[3] *Wilmington Trust Co. v. Nix*, Del. Super., 2002 WL 356371, Witham, J. (Feb. 21, 2002); *Whitsett v. Capital School District*, Del. Super., C.A. No. 97C-04-032 Vaughn, J. (Jan. 28, 1999); *Monsanto Co. v. Aetna Casualty & Surety Co.*, Del. Super., C.A. No. 88-JA-118, Ridgeley, P.J. (Jan. 14, 1994).

4.     The Court has reviewed and considered the Motion for Reargument and Plaintiff's Opposition. Upon further review of the relevant case precedent, the Court finds that it erred as a matter of law. For purposes of a motion to dismiss under Rule 12(b)(6), Count VI of Defendants' Counterclaim has been pled with sufficient specificity. A claim for intentional infliction of severe emotional distress need not allege physical injury, so long as the claim sufficiently alleges extreme and outrageous conduct.[4]

**THEREFORE,** the Joint Motion of Defendants Carol McDowell and Shelly Devries for Reargument under Rule 59(e) Regarding Plaintiff's Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c) as to Count VI is hereby **GRANTED.** Plaintiff's Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c) as to Count VI of the Counterclaim is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated: 5/8/17

_____
Mary M. Johnston, Judge

---

[4] *Cummings*, 574 A.2d at 845.