## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| REBECCA CLARK, | ) | |
| | ) | |
| Claimant-Below, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N18A-03-004 DCS |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Employer-Below, | ) | |
| Appellee. | ) | |

Submitted: November 16, 2018
Decided: March 8, 2019

*Motion to Exclude–*
**GRANTED, in part; DENIED, in part.**


**OPINION**


Heather A. Long, Esquire; Attorney for Appellant
William D. Rimmer, Esquire; Attorney for Appellee

**STREETT, J.**

## Introduction

Rebecca Clark (the "Claimant") filed an Amended Opening Brief on October 18, 2018 appealing the Industrial Accident Board's (the "Board") decision following its October 27, 2017 hearing.[1] On November 16, 2018, her employer, the State of Delaware (the "Employer") filed a Motion to Exclude Claimant's Opening Brief (or in the alternative, Dr. Singman's deposition and claim of promissory estoppel). If the Court does not grant the Motion to Exclude, Employer requests leave to Amend its Answering Brief.

The Board hearing addressed Claimant's Petitions to Determine Additional Compensation Due seeking findings of compensability for injuries to Clamiant's head, neck and left leg; for traumatic brain injury; for a proposed intracranial pressure monitoring; for periods of total and partial disability; for a February 9, 2015 cervical fusion surgery; and for an October 21, 2015 tethered cord surgery. The Board declined to re-examine issues involving whether Employer was incorrectly applying medical expenses against Claimant's credit concerning a February 16, 2016 settlement agreement because that issue had already been addressed in a February 20, 2017 Board Order.

---

[1] The IAB Decision (which consists of 87 pages) was issued on February 12, 2018.

## Parties' Contentions

In her Opening Brief, Claimant references and relies on the deposition of Dr. Eric Singman, a neuro optometrist. She also asserts a claim of promissory estoppel. In its Motion to Exclude, Employer contends that Claimant did not submit Dr. Singman's deposition or raise the claim of promissory estoppel below and, as such, neither can be considered by this Court.

Employer claims that the "[d]eposition was not taken in relation to the Petition currently at issue, nor was it submitted at the October 27, 2017 [Board] Hearing."[2] Claimant contends that the Board attempted to "refine the parties' prior agreements"[3] and that Dr. Singman's deposition "provides background and gives context to the parties' prior agreements with regard to compensability of Claimant's injuries."[4] At Oral Argument, Claimant's counsel claimed that the Board attempted to alter the February 16, 2016 settlement agreement in footnote 50[5] of its decision. Counsel for

---

[2] Motion to Exclude Claimant's Opening Brief, at 5.

[3] Claimant's Response to Motion to Exclude, at 2. [Claimant and Employer reached two settlement agreements. The first agreement (dated August 11, 2015) related to Claimant's limited period of total disability, ongoing partial disability, and cervical spine injury. The second agreement (dated February 16, 2016) related to Claimant's vision complaints.]

In her Response to the Motion to Exclude, Claimant erroneously writes that the Board attempted to refine the prior settlements in footnote 80 of its decision. There is no footnote 80 in the Board's decision. At Oral Argument, Claimant's counsel stated that footnote 50 is the correct footnote, which can be found on page 79-80 of the Board's decision.

[4] Claimant's Response to Motion to Exclude, at 2.

[5] Footnote 50 reads:

3

Claimant reasoned that because the February 16, 2016 settlement agreement pertained to Claimant's vision complaints (examined by Dr. Singman) and seemingly accepted the substance of Dr. Singmans' deposition, Dr. Singman's deposition provides background to the February 16, 2016 settlement agreement.

Claimant also says that the deposition "occur[red] within the context of the Clark v. State of Delaware case[6] (however, not submitted at the October 27, 2017 hearing), and as such, became a part of the case record at the time the deposition was taken."[7]  However, at Oral Argument, Claimant's counsel conceded that the transcript of Dr. Singman's deposition was never attached to the record, entered at the Board hearing, entered at any prior hearing, or referenced by the Board.

---

The Board realizes that Employer accepted a cervical spine injury in some regard; in the letter memorializing the settlement agreement, Employer appears to only take issue with payment for the February 2015 surgery, due to the fact that Dr. Henderson had provided it (an out of state non-certified provider providing treatment without preauthorization).  Further, if Employer's arguments are to be accepted, Employer admits it sought to acknowledge the October 21, 2015 surgery if it was truly cervical in nature; this also suggests acknowledgement of an ongoing cervical condition, at least in the 2015 timeframe.  The Board points this out because Employer's experts' opinions in the instant case are suggestive that Claimant's neck injury, if one existed, was minor and had resolved prior to 2015.  While the Board realizes that these opinions are inconsistent with Employer's previous acknowledgements, the Board notes that the burden in this case was Claimant's to show that she has an ongoing compensable cervical condition that required the treatment for which she seeks compensation.

[6] Claimant is apparently referring to the February 16, 2016 settlement agreement.  In her Opening Brief, Claimant explains that Employer agreed to a settlement agreement, relating to Claimant's vision treatment, after Dr. Singman's deposition on February 3, 2016.  See Claimant's Amended Opening Brief, at 18-19.

[7] Claimant's Response to Motion to Exclude, at 2. (parentheses in the original).

4

Lastly, Claimant asserts that promissory estoppel was raised below because her counsel raised the elements of promissory estoppel at the Board hearing.[8] Employer contends that Claimant did not raise a promissory estoppel claim "prior to or at the October 27, 2017 Hearing."[9] Counsel for Employer also argued that Claimant was required to assert promissory estoppel in her pre-hearing filings to the Board.

### Standard of Review

19 *Del.C.* § 2350(b) states that "In case of every appeal to the Superior Court the cause shall be determined by the Court from the record…" Accordingly, "[t]he Court will not consider evidence or issues not properly raised below. Thus, an issue is waived if it was not raised below."[10] This Court has also held that "[t]he appellate record may include transcripts from related hearings, as well as materials that are not offered into evidence if the materials were considered by the trial court and are necessary to the case's disposition on appeal."[11]

---

[8] The elements required for promissory estoppel are:

> 1) a promise was made; 2) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; 3) the promisee reasonably relied on the promise and took action to his or her detriment; and, 4) such promise is binding because injustice can be avoided only by enforcement of the promise.

*Fanean v. Rite Aid Corp. of Delaware, Inc.*, 984 A.2d 812, 822 (Del. Super. Dec. 3, 2009).

[9] Employer's Motion to Exclude, at 5.

[10] *Nanticoke Homes v. Miller*, 2003 WL 22232809, at *fn. 1 (Del. Super. Sept. 29, 2003).

[11] *Hamilton v. Independent Disposal Service*, 2017 WL 631770, at *6 (Del. Super. Feb. 15, 2017).

## Discussion

Claimant's argument that Dr. Singman's deposition is relevant to the current appeal because the Board attempted to alter the February 16, 2016 vision complaint settlement agreement in footnote 50 of its decision is without merit. Footnote 50 does not mention the February 16, 2016 settlement agreement, does not discuss Claimant's vision complaints, and does not reference a deposition by Dr. Singman. Instead, footnote 50 discusses the settlement agreement pertaining to Claimant's cervical spine injury.[12] As such, it does not appear that Dr. Singman's deposition has any relevance to the issues discussed in footnote 50.[13]

At Oral Argument, Claimant conceded that Dr. Singman's deposition was not attached to the record below and not entered before the Board. Additionally, there is nothing in the record that suggests (and Claimant does not assert) that the Board relied on or considered Dr. Singman's deposition. Therefore, Dr. Singman's deposition was not part of the record below and Claimant cannot reference or rely on it in her Appeal to this Court. Employer's Motion to Exclude the transcript of Dr. Singman's deposition is granted.

---

[12] The cervical spine injury settlement agreement occurred on August 11, 2015.

[13] Moreover, the August 11, 2015 settlement agreement predated Dr. Singman's deposition which took place on February 3, 2016.

However, this Court denies Employer's Motion to Exclude Claimant's claim of promissory estoppel. In its Decision, the Industrial Accident Board wrote that:

> Claimant first argues that Employer had already acknowledged the compensability of this surgical procedure, evidenced by the August 11, 2015 letter memorializing the parties' settlement agreement. Claimant maintains that Employer agreed to acknowledge this surgery in the settlement, and she withdrew her original petition and underwent the surgery in reliance of this acknowledgement. Claimant further argues that while Employer maintains that the acknowledgement only regarded what was thought to be a cervical spine procedure, tethered cord surgeries are only performed in the lumbar area; thus Employer knew, or should have known, that the acknowledgement was for the procedure that actually took place.[14]

Additionally, although not specifically characterized as promissory estoppel, the Claimant raised the issue of reliance on the prior (August 11, 2015) settlement and asked the Board to enforce the promise. In closing argument, Claimant's counsel stated: "I ask the Board to enforce the prior offer of settlement to pay for that 10/21/15 surgery..."[15]

Furthermore, Delaware case law holds that failure to include an issue in the initial petition filed with the Board and/or the pretrial memorandum (as required by Industrial Accident Board Rule 9) does not constitute a waiver if the issue was presented to the Board at the hearing.[16]

---

[14] IAB Decision, at 66.

[15] IAB Hearing Transcript, at 355.

[16] *Nanticoke Homes v. Miller*, 2003 WL 22232809, at fn. 1 (Del. Super. Sept. 29, 2003) ("Here, Claimant did not seek compensation for a permanent disability to the leg in the initial petition filed

It appears that the elements of promissory estoppel were before the Board and considered by the Board. As such Claimant did not waive her right to raise the claim of promissory estoppel in the instant Appeal. Employer's Motion to Exclude Claimant's Opening Brief is denied and Employer's Motion to Exclude the claim of promissory estoppel is denied.

## Conclusion

For the foregoing reasons, Employer's Motion to Exclude is **GRANTED in part** and **DENIED in part**. Employer's Motion to Exclude Dr. Singman's deposition is **GRANTED**; Employer's request for leave to Amend Employer's Answering Brief is **GRANTED**; Employer's Motion to Exclude the Opening Brief is **DENIED**; Employer's Motion to Exclude the claim of promissory estoppel is **DENIED**.

**IT IS SO ORDERED.**

_____
Diane Clarke Streett, Judge

---

with the Board. Nor did Claimant raise this claim in the pretrial memorandum. While Claimant's actions violate IAB Rule 9, the alleged impairment to the leg was later fairly presented to the Board at the hearing. Thus, the issue was raised below and had not been waived."); *Wallace v. Mountaire Farms, Inc.*, 2002 WL 31558080, at *2 (Del. Super. Oct. 1, 2002) ("Here, Employer did not disclose the forfeiture issue in the pre-trial memorandum. Employer also failed to provide notice to opposing counsel of the forfeiture defense until two days prior to the hearing. While Employer's actions violate IAB Rule 9, the forfeiture defense was later presented to the Board. At the hearing, Employer raised the issue in his opening statement, developed the issue during cross-examination, and argued the issue in his closing statement. Thus, contrary to Claimant's assertion, the issue was raised below and had not been waived.").