**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

THE ESTATE OF DONNINE )
MCCANN-CROSS, )
                       )
      and )
                       )
DONICHA MCCANN-CROSS, )
                       )
      Plaintiffs, )      C.A. No.: K24C-12-008 NEP
                       )
      v. )
                       )
BAYHEALTH KENT GENERAL )
HOSPITAL, )
                       )
      Defendant. )

Submitted: December 10, 2024
Decided: December 26, 2024

## ORDER

***Upon Plaintiff's Application to Proceed in Forma Pauperis***
**GRANTED**

***Upon Court's Consideration of Complaint***
**DISMISSED**

Upon consideration of Plaintiffs' complaint and the motion to proceed *in forma pauperis* of Plaintiff Donicha McCann-Cross ("Ms. McCann-Cross"), the Court finds as follows:

**1.** On December 6, 2024, Ms. McCann-Cross filed an application to proceed *in forma pauperis*. The affidavit attached indicated that Ms. McCann-Cross had no assets or income and was presently unemployed. The affidavit alleged facts

sufficient to convince the Court that Ms. McCann-Cross is unable to pay the filing costs and her application to proceed *in forma pauperis* is therefore **GRANTED**.

2.    Upon review of Plaintiffs' complaint, the Court finds that it is legally frivolous, and, even if not frivolous, is barred by the statute of limitations.  It is therefore **DISMISSED**.

3.    The Court views *pro se in forma pauperis* civil suits generously. "All well-pled matters are accepted as true to determine whether . . . [Plaintiffs] can recover under any conceivable circumstances susceptible of proof under the complaint."[1]  Nonetheless, the Court will not allow itself or prospective defendants "to become the victim[s] of frivolous or malicious claims which on their face are *clearly*: [sic] subject to a motion to dismiss under Superior Court Civil Rule 12(b)(6) or subject to a defense of immunity or subject to some other defect."[2]  After granting an application to proceed *in forma pauperis*, the Court must dismiss the underlying complaint if it is legally frivolous, factually frivolous, or malicious.[3]  A claim is legally frivolous when it is "based on an indisputably meritless legal theory."[4]

4.    On December 6, 2024, Plaintiffs brought suit against Defendant "for violating HIPPA [sic] law and falsifying documents."[5]  These allegations revolve around a February 20, 2021, CT scan of Ms. McCann-Cross's late sister, Donnine McCann-Cross ("Decedent").[6]  Plaintiffs allege that, in connection with this procedure, Defendant "violated the Health Insurance Portability and Accountability Act and Falsified [sic] documents . . . because [Decedent] was not alert and oriented

---

[1] *Fatir v. Records*, 2023 WL 6622214, at *2 (Del. Super. Oct. 11, 2023) (quoting *Johnson v. Howard*, 1999 WL 743902, at *1 (Del. Aug. 12, 1999)).
[2] *Lee v. Johnson*, 1996 WL 944868, at *1 (Del. Super. June 4, 1996) (emphasis in original).
[3] *Sanders v. Dep't of Just.*, 2020 WL 1171045, at *1 (Del. Super. Mar. 11, 2020) (citing 10 *Del. C*. § 8803(b)).
[4] *Id*. (quoting 10 *Del. C*. § 8801(7)).
[5] Compl. ¶ 1.
[6] Compl. ¶¶ 2–3.

to sign a patient authorization and release on February 20, 2021 [sic] at 6:38 pm,"[7] when Dr. Joseph G. Livingston, MD signed the "diagnostic imaging report" concerning that procedure.[8] Plaintiffs assert that Decedent "could not have given [Defendant] permission to perform any procedures on her or give [Defendant] permission to send any specimen . . . to any non-affiliated external health facilities or entities[.]"[9] Plaintiffs request "4 million dollars for violating the HIPPA [sic] law with the deceased Donnine McCann-Cross."[10]

5.     Plaintiffs' claim is legally frivolous because the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") did not create a private cause of action.[11] In other words, an alleged violation of HIPAA does not, standing alone, give Plaintiffs the right to sue Defendants. While Plaintiffs' reference to "falsified

---

[7] Compl. ¶ 2.

[8] Compl. Ex. 1. The report appears to refer to the time that Dr. Livingston reviewed the CT scan and provided his "impressions" thereof, rather than the time Decedent would have given consent to the procedure. However, interpreting the complaint in the light most favorable to Plaintiffs, the Court assumes that Decedent would also have been incapable of giving consent at that earlier time. This factual ambiguity has no bearing on the Court's analysis.

[9] Compl. ¶ 3. This is a reference to a portion of the report stating that "DICOM format image data are available to non-affiliated external healthcare facilities or entities on a secure, media-free, reciprocally searchable basis with patient authorization for at least a 12-month period after the study." Compl. Ex. 1. It is not clear whether this language means that Decedent's CT images *were* actually made available because she had given authorization (or, as Plaintiffs allege, despite her failure to do so) or whether the images *could* be made available *in the event that* she gave consent to share them with other healthcare providers. The Court assumes the former interpretation for the purposes of this Order, and this factual ambiguity, again, has no bearing on the Court's analysis.

[10] Compl. ¶ 4.

[11] *See Fanean v. Rite Aid Corp. of Delaware*, 984 A.2d 812, 817–18 (Del. Super. 2009) (reaffirming the Court's earlier decision that the plaintiff could not raise a negligence *per se* claim under HIPAA); *Beckett v. Grant*, 2022 WL 485221, at *3 (3d Cir. Feb. 17, 2022) ("HIPAA does not provide a private cause of action.") (citing *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020)); *Burton v. Rite Aid Pharmacy*, 2010 WL 1924478, at *3 (D. Del. May 12, 2010)) ("HIPAA fails to provide for a private federal remedy . . . . Therefore, the Court will dismiss the Complaint as frivolous[.]"); *Polanco v. Omnicell, Inc.*, 988 F.Supp. 2d 451, 468 (D.N.J. 2013) (collecting cases).

documents" could be taken to indicate that Plaintiffs intended to bring suit on a second basis, Plaintiffs seek recovery only for an alleged HIPAA violation.[12]

6.    If the Court interpreted Plaintiffs' complaint to bring a second claim for "falsifying documents," this would not prevent the Court from dismissing the complaint, as this is also a legally frivolous claim.  HIPAA did not create a private cause of action for falsifying documents.[13]   To the extent that Plaintiffs intended to bring a "falsifying documents" claim under state law, such a claim must also fail, as the Court is unaware of any stand-alone Delaware tort matching that description.[14] Finally, even if the Court were to construe Plaintiffs' hypothetical claim as sounding in fraud, the claim would be time-barred because fraud claims are subject to a three-year statute of limitations, and Plaintiff's claim accrued more than three years before her filing.[15]

**WHEREFORE**, in light of the preceding considerations, Plaintiffs' motion to proceed *in forma pauperis* is **GRANTED,** and the complaint is **DISMISSED**.

**IT IS SO ORDERED.**

Noel Eason Primos, Judge

NEP/tls
*Via File & ServeXpress and U.S. Mail*
oc:    Prothonotary
        Donicha McCann-Cross (Address: 433 Northdown Dr, Dover, DE 19904)

---

[12] Compl. ¶ 4.

[13] *See Bigham v. Wexford Health Sources, Inc.*, 2021 WL 230366, at *8 (D. Md. Jan. 22, 2021) (dismissing the plaintiff's claim that the defendant "falsified [plaintiff's] medical records" in violation of HIPAA).

[14] *Cf. Caravetta v. Marefat*, 2013 WL 6157921, at *4 (E.D. Va. Nov. 22, 2013) (dismissing a plaintiff's claim for falsification of records under Virginia law because the court was unable to find any Virginia case recognizing such a cause of action).

[15] *Jeter v. RevolutionWear, Inc.*, 2016 WL 3947951, at *9 (Del. Ch. July 19, 2016) (citing 10 *Del. C.* § 8106).

4