# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |
|---|---|
| TIFFANY GREENFIELD, as Next Friend and Guardian *ad litem* for ETHAN FORD, a minor, | ) ) ) ) ) |
| Plaintiff, | ) C.A. No. N16C-07-115 FWW ) |
| v. | ) ) |
| BUDGET OF DELAWARE, INC., DFS DIRECTOR LAURA MILES, *individually and in her official capacity*; VICTORIA KELLY, *individually and in her official capacity as DFS director*, FAMILY CRISIS THERAPIST TRINA N. SMITH, *Individually and in her official capacity*; JAMIE ZEBROSKI M.S.W., *individually and in her official capacity as a Supervisor for DFS*; CRYSTAL BRADLEY, M.S., *Individually and in her official capacity as a Senior Family Services Specialist for DFS*; JAVONNE RICH *Individually and in her capacity as a Master Family Services Specialist for DFS*; NANCY CRAIGHTON, *individually and in her official capacity as a Supervisor for DFS*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Submitted: July 19, 2017
Decided: October 31, 2017

Upon DFS Defendants' Motion to Dismiss
**GRANTED.**

# ORDER

Andrew C. Dalton, Esquire, and Bartholomew J. Dalton, Esquire, Dalton & Associates, P.A., Cool Spring Meeting House, 1106 West Tenth Street, Wilmington, DE, 19806; Attorneys for Plaintiffs.

Jeffrey A. Young, Esquire, Young & McNelis, 300 South State Street, Dover, Delaware 19901; Attorney for Defendant Budget of Delaware, Inc.

Joseph C. Handlon, Esquire, Deputy Attorney General, Delaware Department of Justice, 820 N. French Street, 6th Floor, Wilmington, DE, 19801; Attorney for Defendants Laura Miles, Victoria Kelly, Trina N. Smith, Jaime Zebroski, Crystal Bradley, Javonne Rich, and Nancy Craighton.

**WHARTON, J.**

This 31st day of October, 2017, upon consideration of the Motion to Dismiss of Defendants Laura Miles, Victoria Kelly, Trina Smith, Jaime Zebroski, Crystal Bradley, Javonne Rich, and Nancy Craighton ("DFS Defendants"), Tiffany Greenfield's Response as next friend of and guardian *ad litem* for Ethan Ford ("Plaintiff"), DFS Defendants' Reply, argument, and the record in this case, it appears to the Court that:

1.     On July 15, 2017, Plaintiff brought this action against the above-mentioned employees of the Division of Family Services (with the exception of Nancy Craighton) in their individual and official capacities.[1] The original complaint was dismissed by the Court on the motion of the then-named DFS Defendants because Plaintiff had failed to allege any facts detailing the individual DFS Defendants' culpability so as to overcome their civil immunity.[2] Certain counts alleging negligence and gross negligence were dismissed for the additional reason that Plaintiff had failed to plead those claims with particularity as required by Superior Court Civil Rule 9(b).[3] The dismissal was without prejudice and the Court granted Plaintiff leave to file an amended complaint.[4]

---

[1] Pl.'s. Compl., D.I. 1 at 1.
[2] *Greenfield for Ford v. Budget of Delaware, Inc., et al.,* 2017 WL 729769 at *2 (Del. Super. 2017).
[3] *Id.*
[4] *Id.* at *3.

2.     Plaintiff filed the Amended Complaint on March 24, 2017.[5] It alleges that DFS Defendants (now including additional DFS Defendant Nancy Craighton) conducted no less than four grossly negligent investigations regarding the living conditions of Plaintiff and his sister.[6] Plaintiff claims that DFS Defendants recklessly "ignored a history of ongoing, unresolved risks in the home" when they received numerous calls from his relatives requesting state action and received reports of his destitute living conditions and developmental delays.[7] As a result, Plaintiff argues that DFS Defendants are liable because they recklessly disregarded their statutorily imposed and mandatory duties as DFS employees to protect Plaintiff in light of the evidence that was presented to them.[8]

3.     The Amended Complaint alleges the same five claims that were in the original Complaint: DFS Defendants were negligent, grossly negligent, and reckless in the performance of their duties with respect to the care of Plaintiff (Count I);[9] DFS Defendants violated Plaintiff's equal protection and due process rights under the United States and Delaware Constitutions and 42 U.S.C. § 1983 when they were negligent, grossly negligent, and reckless in their dereliction of mandatory duties

---

[5] Pl.'s Amend. Comp., D.I. 20.
[6] *Id.* at ¶ 11.
[7] *Id.*
[8] *Id.*
[9] *Id.* at ¶¶ 23-25.

4

(Count II);[10] DFS Defendants "established a special relationship with Plaintiff that had the effect of restricting his liberty, thereby triggering liability for the affirmative acts or omissions of state actors" in violation of 42 U.S.C. § 1983 (Count III);[11] Defendants Laura Miles, Victoria Kelly, Jamie Zebroski, and Nancy Craighton were negligent, grossly negligent, and reckless in the hiring, retention, and supervision of their employees (Count IV);[12] DFS Defendants' conduct amounted to an intentional infliction of emotional distress ("IIED") on Plaintiff (Count V).[13] Plaintiff seeks general, special, and punitive damages, plus costs and interest.[14]

4. On May 12, 2017, DFS Defendants moved to dismiss the Amended Complaint for failure to state a claim.[15] Defendants first argue that no claims exist because the Delaware State Tort Claims Act ("DSTCA"), 10 *Del. C.* 4001, bars all state claims against them and Plaintiff failed to plead facts to overcome that bar.[16] Additionally, Defendants assert that the claims against them should be dismissed under Rule 12(b)(6) because Plaintiff has not pled facts that state conceivable or

---

[10] *Id.* at ¶¶ 26-28.
[11] *Id.* at ¶¶ 29-30.
[12] *Id.* at ¶¶ 31-33.
[13] *Id.* at ¶¶ 34-36. Count V also alleges Intentional Infliction of Emotional Distress against Defendant Budget of Delaware, Inc. which has moved to dismiss as well. The claim against it under Count V is addressed by separate Order.
[14] *Id.* at ¶¶ 25, 28, 30, 33, 36.
[15] Defs.' Mot. Dismiss, D.I. 28
[16] *Id.* at 10.

plausible claims.[17] Lastly, DFS Defendants argue that Plaintiff's claims are time-barred pursuant to 10 *Del. C.* § 8119.[18]

5. On June 9, 2017, Plaintiff filed his answer opposing DFS Defendants' Motion to Dismiss.[19] Plaintiff claims that he has adequately alleged, with specificity, Defendants' negligence, gross negligence, and recklessness and therefore Counts I, II, III, IV, and V should not be dismissed.[20] Plaintiff also contends that the DSTCA does not bar state claims against DFS Defendants because he has overcome at least of the elements necessary for immunity under the DSTCA.[21] Additionally, Plaintiff claims that its action is not barred by the Statute of Limitations, but timely filed under 10 *Del. C.* §8119.[22]

6. The Court heard oral argument on this matter on July 19, 2017.

7. A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[23] The Court's review is limited to the well-pled allegations in the complaint. In ruling on a 12(b) motion, the Court "must draw all reasonable factual

---

[17] *Id.* at 15.
[18] *Id.* at 26-27.
[19] Pl.'s Resp. Mot. Dismiss, D.I. 30.
[20] *Id.* at 3.
[21] *Id.* at 13.
[22] *Id.* at 16.
[23] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).

6

inferences in favor of the party opposing the motion."[24] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[25]

8.     The Court first turns to the question of whether DSTCA precludes the claims against the DFS Defendants. Under DSTCA, state actors or employees who are sued in their individual capacities are exempt from liability when: "(1) the alleged act or failure to act arises out of and in connection with the performance of official duties involving the exercise of discretion; (2) the act or failure to act was done (or not done) in good faith; and (3) the act or failure to act was done without gross negligence."[26] Plaintiff can avoid the application of the DSTCA, and defeat immunity, if he can prove the absence of one of these elements.[27] Here, Plaintiff argues that DFS Defendants' actions were ministerial, and not discretionary, and that DFS Defendants acted with gross negligence.[28]

9.     Plaintiff's argument that DFS Defendants' acts were ministerial fails, and thus he cannot overcome the civil immunity afforded to the individual DFS

[24] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[25] *Id.*
[26] *See J.L. v. Barnes*, 33 A.3d 902, 914 (Del. Super. 2011). *See also* § 4001; *Gutierrez v. Advanced Student Transp., Inc.*, 2015 WL 4460342, at *4 (Del. Super. July 14, 2015).
[27] *See Barnes*, 33 A.3d at 914; *Gutierrez*, 2015 WL 4460342, at *4. *See also Thomas v. Board of Educ. of Brandywine School Dist.*, 759 F. Supp. 2d 477, 500 (D. Del. 2010).
[28] Pl.'s Resp. Mot. Dismiss, D.I. 30, at 13-15.

Defendants by DSTCA on that basis. The DSTCA only provides immunity for discretionary acts. If an act is ministerial, then DFS Defendants can be held liable for negligence.[29] Conduct is discretionary when "there is no hard and fast rule as to [the] course of conduct that one must or must not take."[30] Ministerial actions or failures to act, on the other hand, "involve less in the way of personal decision or judgment," are more routine, and typically involve conduct directed by mandatory rules or policies.[31] Plaintiff relies on 16 *Del. C.* §§ 901, 902, and 906 as establishing mandatory duties imposed upon DFS Defendants, thereby making their actions ministerial and not discretionary.[32] Of the cited sections, § 901 is merely a statement of the purpose of child welfare policy in Delaware and § 902 is the definitional section for the chapter. These sections do not support Plaintiff's argument. The final section cited, § 906, describes how the State's policy of investigating reports of child abuse and neglect is to be executed. How that policy is to be carried out necessarily invokes the exercise of discretion. The Court is convinced that DFS Defendants' actions are inherently discretionary. To the extent that § 906 imposes mandatory duties upon the Division of Family Services in opening and closing cases,

---

[29] *Whitsett v. Capital School Dist.*, 1999 WL 167836, at *1 (Del. Super. Jan. 28, 1999).

[30] *J.L. v. Barnes*, 33 A.3d 902, 914 (Del. Super. Ct. 2011) (quoting *Estate of Martin v. State*, 2001 WL 112100, *5 (Del. Super. Jan. 17, 2001).

[31] *Id. See also Sussex County v. Morris*, 610 A.2d 1354, 1359 (Del. 1992); *Knoll v. Wright*, 544 A.2d 265 (Del. Jun. 29, 1988), 1988 WL 71446.

[32] Pl.'s Resp. Mot. Dismiss, D.I. 30, at 14.

8

and conducting investigations and assessments, that section requires workers and supervisors to exercise their discretion at virtually every turn. Discretion is at the very heart of the investigative process. Further, Plaintiff offers no facts that would enable the Court to determine how any individual DFS Defendant's action is alleged to be ministerial as opposed to discretionary. Accordingly, Plaintiff has failed to overcome the individual DFS Defendants' immunity on the basis that their actions were ministerial.

10. Plaintiff also cannot overcome the civil immunity afforded to the individual DFS Defendants by DSTCA because Plaintiff fails to plead facts supporting a claim of gross negligence against any DFS Defendant. Gross negligence represents "more than ordinary inadvertence or inattention."[33] It is "an extreme departure from the ordinary standard of care."[34] A derivation from the duty of care can also be demonstrated by willful and wanton conduct. Willfulness "indicates an intent, or a conscious decision, to disregard the rights of others."[35] Wanton conduct "occurs when a person, though not intending to cause harm, does something so unreasonable and so dangerous that the person either knows or should know that harm will probably result."[36]

---

[33] *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 530 (Del. 1987).
[34] *Brown v. Robb*, 583 A.2d at 953 (quoting W. Prosser, Handbook of the Law of Torts 150 (2d ed. 1955)).
[35] Del. P.J.I. Civ. § 5.10 (2000).
[36] Del. P.J.I. Civ. § 5.10 (2000).

9

11.     In Count I of the Amended Complaint, Plaintiff alleges that Defendants Trina Smith and Crystal Bradley were grossly negligent in the performance of their duties during their respective DFS investigations.[37] Count V alleges IIED.[38] Defendant Smith conducted a 41-day investigation in 2009 when Ethan Ford was born with marijuana in his system.[39] Ultimately, that investigation was closed as "unsubstantiated with concern."[40] Defendant Bradley handled the last DFS investigation prior to the death of Ethan Ford's sister. That investigation occurred as a result of a complaint by Tiffany Greenfield and others that Ethan's mother and her boyfriend had arrived at Greenfield's home to pick up Ethan and his sister and forcibly removed them while under the influence of drugs.[41] This investigation was closed after 52 days as "unsubstantiated with concern" but moved into treatment.[42] In neither of these instances do the facts as alleged by Plaintiff support the allegations of gross negligence, despite the hyperbolic language of the Amended Complaint. He fails to allege facts that constitute an extreme departure from the ordinary standard of care, an intent or conscious decision to disregard the rights of others, or that were so unreasonable and so dangerous that Defendant Smith or

---

[37] Pl.'s Amend. Compl., D.I. 20, at ¶ 24.
[38] *Id.* at ¶¶ 35-36.
[39] *Id.* at ¶ 13.
[40] *Id.*
[41] *Id.* at ¶ 18.
[42] *Id.* at ¶ 20.

Defendant Bradley either knew or should have known that harm would probably result. The Court also finds that the involvement of Defendant Smith and Defendant Bradley does not square with Plaintiff's ultimate harm. These Defendants' single and limited investigations, are too far removed from the end result, either temporally, qualitatively, or causally to rise to the level of gross negligence on each of their parts. Accordingly, the Plaintiff has failed to meet his burden of alleging facts demonstrating gross negligence or willful and wanton conduct. Therefore, Count I and of Plaintiff's Amended Complaint - Negligence, Gross Negligence, and Recklessness - as to Defendants Trina Smith and Crystal Bradley is **DISMISSED.** In order to plead a claim for IIED, a plaintiff must show that a defendant intentionally or recklessly caused severe emotional distress to the plaintiff.[43] Extreme and outrageous conduct must be "so extreme in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized community."[44] Count V, Intentional Infliction of Emotional Distress is **DISMISSED** as to Defendants Trina Smith and Crystal Bradley because the conduct alleged does not remotely meet the pleading standard for IIED.

[43] *Spence v. Cherian,* 135 A.3d 1282, 1288-89 (Del. Super. 2016); *Cooper v. Bd. of Educ. of Red Clay Consol. Sch. Dist.,* 2009 WL 2581239, at *3 (Del. Super. 2009) (quoting RESTATEMENT (SECOND) OF TORTS § 46).
[44] *Spence,* 135 A.3d at 1289; *Rae v. Midway Realty Corp.,* 1983 WL 100452, at *4 (1989) (quoting RESTATEMENT).

11

12. In Count I of the Amended Complaint, Plaintiff also alleges that Defendants Victoria Kelly, Nancy Craighton, Laura Miles and Jaime Zebroski were "negligent, grossly negligent, and reckless in their performance of their duties with respect to the care of Ethan Ford."[45] In their supervisory capacities, they are alleged to have acted with gross negligence or recklessness when they "hired, trained, and continued to employ the other named individual Defendants."[46] Plaintiff, however, cannot establish Defendants' legal duty or gross negligence. Delaware law recognizes claims of negligent hiring and supervision of employees, but that liability is imposed on the employer where the employer is negligent, not on supervisors.[47] Moreover, Defendants Kelly, Craighton, Miles, and Zebroski did not owe Plaintiff a legal duty to supervise, hire, and train as to Ethan Ford.[48] Further, the claims against the supervisors are premised upon the assertion that the people they supervised were not immune under DSTCA, either because those people were performing ministerial acts or were grossly negligent. Because, the Court finds that the investigators were not performing ministerial acts and were not grossly negligent, it follows that their supervisors were not performing ministerial acts and

---

[45] Pl.'s Amend. Compl., D.I. 30, at ¶ 24.
[46] *Id.* at ¶ 33.
[47] *Fanean v. Rite Aid Corp. of Delaware, Inc.*, 984 A.2d 812, 825-26 (Del. Super. 2009);
[48] *See, e.g., Brown v. Budz,* 398 F.3d 904 (7th Cir. 2005).

12

were not grossly negligent either.[49] Finally, as with Defendants Smith and Bradley, the conduct alleged does not remotely meet the pleading standard for IIED. Therefore, Count I, Negligence, Gross Negligence, and Recklessness, Count IV, Negligent, Grossly Negligent, and Reckless Hiring, Retention, and Supervision, and Count V Intentional Infliction of Emotional distress as to Defendants Victoria Kelly, Nancy Craighton, Laura Miles, and Jaime Zebroski are **DISMISSED**.

13. The Court finds that Plaintiff's equal protection and due process claims must be dismissed as well. DFS Defendants move to dismiss Count II - Civil Rights Violations under 42 U.S.C. § 1983 and the United States and Delaware Constitutions.[50] Plaintiff's response, however, does not address the equal protection and due process claim, but focuses solely on the state created danger claim.[51] Therefore, the Court finds Plaintiff has conceded or waived his equal protection claim and due process claim.[52] For this reason, Count II of Plaintiff's Amended Complaint is **DISMISSED**.

14. Further, the Court finds that Plaintiff's state-created danger § 1983

---

[49] The Court's findings apply as well to the unnamed investigator referenced in ¶ 14 of the Amended Complaint.

[50] Am. Compl., D.I. 20, at ¶¶ 26-28. *See also* Pl.'s Resp. Mot. Dismiss, D.I. 30, at 15-19.

[51] Pl.'s Resp. Mot. Dismiss, D.I. 30, at 11-13.

[52] "It is settled Delaware law that a party waives an argument by not including it in its brief." *Emerald P'rs v. Berlin*, 2003 WL 21003437, at *43 (Del. Ch.); *See also In re IBP, Inc. Shareholders Litig.*, 789 A.2d 14, 62 (Del. Ch.2001) (party waived argument by not including it in opening post-trial brief).

claim must be dismissed as well.[53] The four elements required for a state-created danger exception include:

> (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscious; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.[54]

Plaintiff cannot establish any of the four required elements. The first and third prongs focus on whether the plaintiff is a foreseeable victim of the defendants.[55] The Court has already found the DFS Defendants' conduct and involvement too attenuated a link in the chain and difficult to square with the resulting harm. Therefore, the Court reaffirms its belief that the Plaintiff was not a foreseeable victim of the DFS Defendants. Moreover, Plaintiff's harm was directly from the hands of

---

[53] 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.. .").

[54] *McCaffrey v. City of Wilmington*, 2013 WL 4852497 (Del. Super. June 26, 2013), *judgment vacated in part on reconsideration*, 2014 WL 598030 (Del. Super. Jan. 31, 2014).

[55] *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006).

14

Ethan's mother, not the DFS Defendants. Therefore, Plaintiff fails to establish the first and third prongs. Similarly, Plaintiff cannot satisfy the fourth prong. Because Plaintiff's harm was the result of his mother's actions, not DFS, the DFS Defendants' exercise of authority did not render Plaintiff more vulnerable to danger than had DFS not acted at all. Rather, had the DFS Defendants not investigated at all Plaintiff's harm may have been more severe. Plaintiff, in addition, fails the second prong of the state-created danger test. Plaintiff does not elicit any facts, and the Court likewise finds no evidence that DFS Defendants' actions "shock the conscience." However, because Plaintiff fails to prove any of the required elements of the state-created danger test, this claim fails as a matter of law. Count III of Plaintiff's Amended Complaint is therefore **DISMISSED**.

15. Plaintiff conceded at oral argument that he had failed to make any factual allegations to support his claims against Defendant Javonne Rich. Accordingly, all counts against Javonne rich are **DISMISSED.**

16. Notwithstanding the foregoing, the Court feels constrained to address DFS Defendants' argument that this action against them is barred by the two-year statute of limitations of 10 *Del. C.* § 8119. Their argument is simple – May 29, 2014 is the date the last DFS investigation was closed, and is the date of the last act or omission of any DFS Defendant.[56] DFS Defendants argue that May 29, 2014 then

---

[56] Defs.' Mot. Dismiss, D.I. 28, at 26.

15

is necessarily the date of the last injury Plaintiff alleges was caused by any DFS Defendant.[57] Since the Complaint was not filed until July 15, 2016, it is untimely.[58] They further argue that Ethan's minority status does not toll the statute of limitations since 10 *Del. C.* § 8116's tolling provisions for infancy or incompetency do not apply to personal injury actions.[59] Plaintiff, on the other hand, argues that the date that the statute begins to run is not the date of the last injury, but the date that the injury was discovered.[60] Plaintiff puts the date of discovery at the date of his sister's death – August 8, 2014, making the Complaint timely.[61] Plaintiff also argues that the acts of DFS Defendants were continuous wrongs until the cause of action accrued upon the death of his sister.[62] The Court does not accept either argument. DFS Defendants are sued in their individual capacities, with Plaintiff alleging separate and distinct acts committed by different defendants over a five- year period. There is simply no basis to impute the allegedly wrongful conduct of one DFS Defendant to any other DFS Defendant so as to make any individual DSF Defendant liable for a continuous wrong. Similarly, the Court does not accept Plaintiff's argument that the statute of limitations begins at the time of the discovery of the injury - § 8119 sets the starting

---

[57] *Id.*
[58] *Id.*
[59] *Id.*
[60] Pl.'s Response Mot. Dismiss, D.I. 30, at 16.
[61] *Id.*
[62] *Id.*, at 17.

16

date for the statute of limitations as the "date upon which it is claimed that such alleged injuries were sustained." It is clear to the Court that Ethan's claimed injuries were not unknowable to him (or more realistically, someone acting on his behalf, such as his next friend in this litigation) prior to the death of his sister. As noted by DFS Defendants, the Amended Complaint itself is replete with examples of claimed wrongs committed by DFS Defendants knowable to Ethan or his responsible relatives.[63] The time of discovery rule for inherently unknowable injuries simply is inapplicable here. For those reasons, the Court finds this action to be barred by 10 *Del. C.* 8119 as to the DFS Defendants.

**THEREFORE**, Defendants' Motion to Dismiss is **GRANTED.** Counts I, II, III, IV, and V as to DFS Defendants of Plaintiff's Amended Complaint are **DISMISSED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

---

[63] Defs.' Reply, D.I. 35, at 16.