# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

J.S. AND Y.S., INDIVIDUALLY )
AND GUADIANS AD LITEM FOR )
R.S., A MINOR CHILD AND S.L. )
AND M.L., INDIVIDUALLY AND )
GUARDIANS AD LITEM FOR T.L., )
A MINOR CHILD, AND M.F. and ) C.A. No. N23C-06-110 CLS
S.G-R., INDIVIDUALLY, AND )
GUARDIANS AD LITEM FOR M.G., )
A MINOR CHILD, )
                 )
      Plaintiffs, )
                 )
        v. )
                 )
EDGEMOOR COMMUNITY )
CENTER, INC., d/b/a BELLEVUE )
COMMUNITY CENTER, STACEY )
SIMS, CRISTINA YENSSHAW, )
JOSEPH WISNIEWSKI AND DIONE )
ALLEN, )
                 )
      Defendants. )

Date Submitted: October 31, 2023
Date Decided: January 11, 2024

*Upon Defendants' Motion to Dismiss Count IV of Plaintiffs' Complaint.*
**GRANTED.**
**<u>ORDER</u>**

Adam F. Wasserman, Esquire, Ciconte Wasserman & Scerba, LLC, Wilmington, Delaware, 19801, and Chase T Brockstedt, Esquire, Baird Mandalas Brockstedt & Federico, LLC, Lewes, Delaware 19958, Attorneys for Plaintiffs.

Maria Granaudo-Gesty, Esquire, Burns White LLC, Wilmington, Delaware, 19803, Attorneys for Defendants, Edgemoor Community Center Inc. d/b/a Bellevue Community Center, Joseph Wisniewski and Dione Allen.
**SCOTT, J.**

1

## INTRODUCTION

Before the Court is Defendants Edgemoor Community Center, Inc. d/b/a Bellevue Community Center, Joseph Wisniewski and Dione Allen's ("Defendants") Motion to Dismiss Count IV Plaintiffs' Complaint. The Court has reviewed the Motion and the Response. For the reasons below, Defendants' Motion to Dismiss Count IV of Plaintiffs' Complaint is **GRANTED.**

## BACKGROUND

Plaintiffs initiated the instant action by filing a Complaint on June 13, 2023. Plaintiffs assert several causes of action against Defendants arising from alleged inappropriate conduct by Defendants while minor-children were under the care of Defendant Edgemoor Community Center, Inc., d/b/a Bellevue Community Center ("BCC") in the infant classroom. According to the Complaint, minor-children were infant-aged children enrolled in the BCC infant care room between July 2022 and May 2023. Plaintiffs assert that during that time Co-Defendant teachers, Stacey Sims ("Ms.Sims") and Cristina Yenshaw ("Ms.Yenshaw") committed acts of abuse and neglect against the infant Minor Children. Investigations by the local police and the Delaware Office of Child Care Licensing ("OCCL") followed. Plaintiffs' Complaint makes various allegations regarding Defendants, the internal investigation, outside investigations, and communication with parents of the infants in the classroom, including Plaintiff-Parents. Plaintiffs assert several causes of actions against

Defendants arising from the aforementioned incidents and conducts. Count IV, the subject of this Motion to Dismiss, specifically asserts Negligent Infliction of Emotional Distress, for Plaintiff-Parents against all Defendants.

## STANDARD OF REVIEW

The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[1] In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[2] The complaint must be without merit as a matter of fact or law to be dismissed.[3] Therefore, if the plaintiff can recover under any conceivable set of circumstances susceptible of proof under the complaint, the motion to dismiss will not be granted.[4]

---

[1] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012)(citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).
[2] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del. 1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).
[3] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del. 1970).
[4] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537)).

## DISCUSSION

## Plaintiff Parents fail to State a Claim for NIED

The elements required for a claim of negligent infliction of emotional distress are: (1) negligence causing fright to someone; (2) that was in the 'zone of danger;' which, (3) produces physical consequences to that person because of the contemporaneous shock.[5] Defendants contend Plaintiff Parents failed to plead the zone of danger element, as well as the physical consequences because of the contemporaneous shock.

### *Zone of Danger: Robb, Lupo, Armstrong, and Boas*

The "zone of danger" prong was adopted by the Delaware Supreme Court in *Robb v. Pennsylvania Railroad Co*.[6] The plaintiff in *Robb* claimed physical injury arose from the fright caused by the alleged negligence of the defendant railroad company which caused her car to stall on the tracks.[7] Zone of danger is defined as "that area where the negligent conduct causes the victim to fear for his or her own safety."[8] The court ruled, in the context of a sudden, unexpected incident, zone of danger is an element of NIED.[9] However, the court warned that it was not

---

[5] *Rhinehardt v. Bright*, 2006 WL 2220972, at *5 (Del. Super. Ct. May 19, 2006).
[6] 210 A.2d 709, 711 (Del. 1965).
[7] *Id.*
[8] *Elsey-Jones v. Gullion*, 2018 WL 2727574, at *5 (Del. Super. Ct. June 5, 2018).
[9] *Robb*, 210 A.2d at 711.

"concerned with the situation ... wherein fright arose from the peril of another and plaintiff was not in the path of the danger created by the negligence asserted."[10] Since *Robb*, this Court has addressed the application of zone of danger element where plaintiff alleges direct injuries due to defendant's negligence outside of the sudden, unexpected incident context[11] and the issue left open in Robb.[12]

Plaintiffs rely on *Fanean v. Rite Aid Corp. of Delaware, Inc.*[13], *Lupo v. Medical Center of Delaware, Inc.*[14], and *Armstrong v. A.I. DuPont Hospital for Children*.[15] Defendants contend the facts before this Court relate to *Boas v. Christiana Care Health Services, Inc.*[16]

Plaintiffs cite to *Fanean* for the premise that "[w]hile a claim for negligent infliction of emotional distress normally requires a plaintiff to be within the zone of danger, there are exceptions to this conditions." However, the *Fanean* court did not provide an exception to the zone of danger element. Rather, it acknowledged that the facts of that case complicate the "traditional analysis."[17] In *Fanean*, the Court

---

[10] *Id.*

[11] *Lupo v. Medical Center of Delaware, Inc.*, 1996 WL 111132, at *3 (Del. Super. Ct. Feb. 7, 1996).

[12] *Armstrong v. A.I. DuPont Hospital for Children*, 60 A.3d 414, 424 (Del. Super. Ct. 2012).

[13] 984 A.2d 812 (Del. Super. Ct. 2009).

[14] 1996 WL 111132

[15] 60 A.3d 414

[16] 2023 WL 4842102.

[17] *Fanean*, 984 A.2d at 820.

explained that plaintiffs were in the zone of danger when defendants improperly disclosed her confidential prescription records to her family members.[18] The court cautioned that Plaintiff may not have been able to state a claim for NIED had the information been disclosed to a person unaffiliated with plaintiff.[19] Accordingly, Fanean does not provide for an exception to the zone of danger requirement, but interpreted it differently in a non-traditional setting. Meaning, to survive a motion to dismiss, Plaintiffs must have alleged they were within the zone of danger.

In *Lupo*, plaintiffs alleged the defendant hospital told plaintiffs that their child was stillborn, when in fact, the child was born alive and lived for two hours.[20] Plaintiffs contended they suffered emotional distress due to the "lost opportunity to spend time with their baby while it was alive" which caused plaintiffs' physical injuries in the form of sleeplessness, headaches, crying spells, rage, nervousness, guilt, eating disorders, and depression.[21] The Lupo court explained that "the instant case is distinct from those emotional distress cases where an injury to a third person caused plaintiff mental anguish or where sudden, unexpected incident caused

---

[18] *Id.*
[19] *Id.*
[20] *Lupo*, 1996 WL 111132, at *1.
[21] *Id.* at *2.

plaintiff fright or shock."[22] Thus, this Court found the zone of danger element not applicable where plaintiffs allege direct injuries due to defendant's negligence.[23]

In *Armstrong*, plaintiffs' son underwent a tonsillectomy.[24] After surgery, defendant hospital discharged the child, who plaintiffs allege, was still unconscious from the surgery and unresponsive.[25] A few hours after being discharged, plaintiffs found their son unresponsive and not breathing.[26] In addressing the issue left open in *Robb*, the Court held that, when fright arises from the peril of another and plaintiff is not in the zone of danger, "a claim for [NIED] is a viable cause of action where the negligence is continuing and occurs in the third person's presence."[27] Thus, the *Armstrong* court extended the zone of danger to apply to plaintiffs as third parties who witnessed the active peril caused by the negligence of others.

In *Boas*, plaintiff parents alleged agents of defendant hospital and defendant hospital services performed an autopsy of their stillborn baby in defiance with plaintiff parents' oral and written instructions that no autopsy be performed.[28] Plaintiff parents contend they suffered emotional distress and physical injury, in the

---

[22] *Id.* at *3
[23] *Id.*
[24] *Armstrong*, 60 A.3d at 416.
[25] *Id.*
[26] *Id.* at 417.
[27] *Id.* at 424.
[28] *Boas*, 2023 WL 4842102 at *1

7

form of depression and sleeplessness, when they discovered the fetal remains were autopsied.[29] The Boas court examined *Lupo* and *Armstrong*, finding that the facts of Boas were distinguishable from them.[30] The Court explained the plaintiff parents fright arose from the peril of another, their fetus so *Lupo* was not applicable because plaintiff parents did not allege direct injuries. Further, the Court explained the plaintiff parents did not allege the negligence occurred in their presence or defendants' negligence continued. So, unlike *Armstrong*, the zone of danger could not be extended to apply to plaintiff parents. Lastly, in a footnote, *Boas* explains that *Fanean* is distinguishable and "does not stand for the proposition one is in the zone of danger when receiving knowledge of the negligence."[31]

This Court adopts the same reasoning set forth in *Boas* in finding both *Lupo* and *Armstrong* are distinguishable from the facts before this Court because Plaintiff Parents do not allege direct injuries, nor did they allege the negligence occurred in their presence or defendant's negligence continued. Plaintiff Parents claim the Defendants negligence is based on the following breaches:

"(a) Deliberately concealing the abuse and neglect that was being inflicted against the Minor Children; (b) Failing to notify or warn the Plaintiff Parents, or State authorities, of the abuse and neglect, in general, and in the face of a duty to speak; (c) Failing to provide adequate care to Minor Plaintiffs; (d) Violating the safety, health, educational, and developmental policies and standards required under

---

[29] *Id.*
[30] *Id.* at *4.
[31] *Id.* at n. 56.

State law and regulations; (e) Failing to exercise reasonable care or diligence under the circumstances; and (f) Performing such other acts from making such other admissions constituting negligence, as may become evident during the course of discovery or throughout the trial of this matter."

Such allegations are not direct injuries to Plaintiff Parents nor do Plaintiff Parents allege the negligence occurred in their presence or defendants' negligence continued, therefore the Plaintiff Parents must allege they were in the zone of physical danger. Plaintiff Parents fail to adequately plead that they were in the zone of danger. Therefore, Plaintiff Parents failed to state a claim for NIED.

*Plaintiffs to allege physical injury associated with NIED*

It is well settled under Delaware law that to recover under a claim for NIED, a plaintiff must prove evidence of a present physical injury.[32] The Complaint states Plaintiff Parents suffered "severe mental anguish and emotional distress, and overwhelming feelings of fear, worry, sadness, anxiety, betrayal, anger, and outrage." Nothing in the list above relates to produces physical consequences to Plaintiff Parents because of the contemporaneous shock of the alleged abuse to their children. In a motion to dismiss, this Court will only look at the Complaint and accept those allegations. Plaintiff Parents explain in their opposition that they suffer from nausea and sleeplessness; however, no such allegation is present in their

---

[32] *Garrison v. Medical Center of Delaware, Inc.*, Del Supr., 581 A.2d 288, 293 (1989).

Complaint. As such, Plaintiffs fail to allege physical consequences from Defendants actions, necessary element for their NIED claim. Therefore, Plaintiff Parents failed to state a claim for NIED.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count IV of Plaintiffs' Complaint is **GRANTED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**
